LI & TSUKAZAKI,
Attorneys at Law, LLLC

PHILLIP A. LI                4262-0
TYLER A. TSUKAZAKI      10326-0
733 Bishop Street, Suite 1770
Honolulu, HI  96813
Telephone:  (808) 524-4888
Facsimile:  (808) 524-4887

Attorneys for Plaintiffs
XUEMEI DEVINE dba ANELA'S JEWELRY
and CHARLES DEVINE dba ANELA'S JADE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| XUEMEI DEVINE dba ANELA'S JEWELRY and CHARLES DEVINE dba ANELA'S JADE,<br><br>         Plaintiffs,<br><br>   v.<br><br>SNT JEWELS dba KINGOFSS925; VEEVIANNIE NIKOGHOSSIAN; HAROUT NIKOGHOSSIAN aka HARRY NIKOGHOSSIAN aka HAROLD NIKOGHOSSIAN; DOE DEFENDANTS 1-10,<br><br>         Defendants. | CIVIL NO. _____<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT; EXHIBITS "A" – "D"; DEMAND FOR JURY TRIAL |

<u>COMPLAINT FOR COPYRIGHT INFRINGEMENT</u>

PLAINTIFFS XUEMEI DEVINE dba ANELA'S JEWELRY and CHARLES DEVINE dba ANELA'S JADE ("PLAINTIFFS"), by and through their attorneys, LI & TSUKAZAKI Attorneys at Law LLLC, for their Complaint for Copyright Infringement and other claims (the "Complaint") against Defendants SNT JEWELS dba KINGOFSS925; VEEVIANNIE NIKOGHOSSIAN; HAROUT NIKOGHOSSIAN aka HARRY NIKOGHOSSIAN aka HAROLD NIKOGHOSSIAN (collectively "DEFENDANTS"), hereby allege as follows:

### <u>JURISDICTION, VENUE AND PARTIES</u>

1.      This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, as amended (the "Copyright Act").

2.      This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and 17 U.S.C. § 101, *et seq*.

3.      This Court has personal jurisdiction over each named DEFENDANT because each DEFENDANT advertises and conducts business in this District, and/or has committed acts of infringement in this District, and/or can be found in this District.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400 in that this is the District where a substantial part of the events or omissions

giving rise to the claims hereinafter set forth occurred and/or this is the District in which DEFENDANTS may be found.

5.    Plaintiff CHARLES DEVINE ("DEVINE") is, and at all times relevant herein was, a resident of Hilo, Hawai`i and is married to Plaintiff XUEMEI.

6.    Plaintiff XUEMEI DEVINE ("XUEMEI") is, and at all times relevant herein was, a resident of Hilo, Hawai`i and is married to Plaintiff DEVINE.

7.    Defendant SNT JEWELS has an address of 334 Seaside Avenue, Suite 403, Honolulu, Hawai`i, is a vendor doing business on ETSY, an American e-commerce website, and also does business under the name of KINGOFSS925.

8.    Defendant VEEVIANNIE NIKOGHOSSIAN is an individual having addresses of 334 Seaside Avenue, Suite 403, Honolulu, Hawai`i and 1571 Piikoi St., #401, Honolulu, Hawai`i and does business as or is an owner or agent of SNT JEWELS and/or agent of KINGOFSS925.

9.    Defendant HAROUT/HARRY/HAROLD NIKOGHOSSIAN is an individual having addresses of 334 Seaside Avenue, Suite 403, Honolulu, Hawai`i and 1571 Piikoi St., #401, Honolulu, Hawai`i and does business as or is an owner or agent of SNT JEWELS and KINGOFSS925.

10.    On    information    and    belief,    Defendants    VEEVIANNE NIKOGHOSSIAN and HAROUT NIKOGHOSSIAN are husband and wife and

previously registered a Hawai`i Corporation, Pacific Trading U.S.A., Inc., with the same address of 334 Seaside Avenue, Suite 403, Honolulu, Hawai`i 96815.  That entity registered a trade name, Silver Station 925.  True and correct copy of pages from the State of Hawai`i Department of Commerce and Consumer Affairs website for the entity Pacific Trading USA Inc. are attached hereto as Exhibit "A" and made a part hereof.

## FACTS COMMON TO ALL CLAIMS

11.   PLAINTIFFS are engaged in the design, manufacture and sale of jewelry on a wholesale and retail basis throughout the United States, including many uniquely designed pieces of jewelry for which XUEMEI has obtained U.S. copyright registrations.

12.   PLAINTIFFS sell their jewelry and do business as ANELA'S JEWELRY and ANELA'S JADE with DEVINE doing business as ANELA'S JADE and XUEMEI doing business as ANELA'S JEWELRY.

13.   XUEMEI has designed a number of the pieces of jewelry sold by PLAINTIFFS and she holds United States copyright registrations for the jewelry pieces that are the subject of this action (the "Works") and that have been infringed on by DEFENDANTS.

14.   XUEMEI has authorized her husband, Plaintiff DEVINE, to sell the Works but has authorized no other person or entity to copy or sell the Works.

15.    PLAINTIFFS began to hear rumors that third-persons were and are selling copies of the Works and PLAINTIFFS began to investigate to determine whether in fact third persons were and are selling copies of the Works.

16.    PLAINTIFFS retained Goodenow Associates Investigations LLC ("Goodenow") to investigate potential copyright infringement.

17.    PLAINTIFFS, working with Goodenow, determined that Defendant SNT JEWELS is a wholesale vendor doing business on ETSY, an American e-commerce website, and it appeared to be selling copies of the Works online.

18.    In September 2020, a Goodenow investigator made undercover online purchases from SNT JEWELS through its ETSY store KINGOFSS925 (collectively referred to as "SNT").

19.    The investigator ordered jewelry items that have the following SNT JEWELS' names and product numbers:

   A.    Hamilton gold plumeria Flower tribal dangling earrings Item# 822759053

   B.    Hamilton gold plumeria black Tribal Rectangular set dangling shell pearl earrings & necklace Item# 809371238

   C.    Hamilton gold plumeria triangle Mauna sun set dangling shell pearl earrings & necklace Item# 808864738

   D.    Hamilton gold plumeria tear drop set dangling shell pearl earrings & necklace Item# 808906904

   E.    Hamilton gold plumeria Bird of paradise set dangling shell pearl earrings & necklace Item# 808864970

F.     Hamilton gold plumeria flower Tiare set shell pearl dangling earrings & necklace Item# 823664153

G.     Hamilton gold plumeria flower Lehua set shell pearl dangling earrings & necklace Item# 809763770

H.     Hamilton gold plumeria Tribal Circle set dangling shell pearl earrings & necklace Item# 808865452

I.     Hamilton gold plumeria Lehua tear drop set dangling shell pearl earrings & necklace Item# 809368112

J.     Hamilton gold tribal set shell pearl dangling earrings & necklace Item# 823263211

K.     Tribal Design Earring with shell pearl Item #732234032

20.     The investigator paid a total of $224.04 upon placing the order for the items referenced above and provided as a delivery address for the jewelry:  Susan Patterson, 94-1221 Ka Uka Boulevard, 108-251, Waipahu, Hawai`i 96797-6299.

21.     A Goodenow investigator picked up a package containing the items ordered that was received on Thursday, September 17, 2020, and it bore a return name and address of:  VEEVIANNIE NIKOGHOSSIAN, 334 Seaside Avenue, Suite 403, Honolulu, Hawai`i 96815-2540.   A true and correct copy of a photograph taken of the packaging label that accompanied the items is attached hereto as Exhibit "B" and made a part hereof.

22.     After Goodenow received the purchased jewelry, XUEMEI was given an opportunity to examine and compare the purchased jewelry pieces with her Works with the assistance of counsel.

23.     Based upon her examination comparing the jewelry purchased from SNT with her original Works, XUEMEI has determined that the purchased jewelry pieces are copies (hereinafter "Infringing Copies") of the following Works that are protected by copyright registrations:

A.     The item described by SNT as Hamilton gold plumeria Flower tribal dangling earrings Item# 822759053 is a copy of PLAINTIFFS' work, Anela's - HGE1025, which is protected by Certificate of Registration No. VA0002212686.

B.     The item described by SNT as Hamilton gold plumeria black Tribal Rectangular set dangling shell pearl earrings & necklace Item# 809371238 is a copy of PLAINTIFFS' work, Anela's - HGE1025, which is protected by Certificate of Registration No.VA0002212686.

C.     The item described by SNT as Hamilton gold plumeria triangle Mauna sun set dangling shell pearl earrings & necklace Item# 808864738 is a copy of PLAINTIFFS' work, Anela's - HGE1021, which is protected by Certificate of Registration No. VA000220492.

D.     The item described by SNT as Hamilton gold plumeria tear drop set dangling shell pearl earrings & necklace Item# 808906904 is a copy of PLAINTIFFS' work, Anela's - HGE1088, which is protected by Certificate of Registration No. VA0002205399.

E.     The item described by SNT as Hamilton gold plumeria Bird of paradise set dangling shell pearl earrings & necklace Item# 808864970 is a copy of PLAINTIFFS' work, Anela's HGE1108, which is protected by Certificate of Registration No.VA0002205468.

F.     The item described by SNT as Hamilton gold plumeria flower Tiare set shell pearl dangling earrings & necklace Item# 823664153 is a copy of PLAINTIFFS' work, Anela's

HGE1076, which is protected by Certificate of Registration No.VA0002203846.

G.    The item described by SNT as Hamilton gold plumeria flower Lehua set shell pearl dangling earrings & necklace Item# 809763770 is a copy of PLAINTIFFS' work, Anela's HGE1087, which is protected by Certificate of Registration No.VA0002205397.

H.    The item described by SNT as Hamilton gold plumeria Tribal Circle set dangling shell pearl earrings & necklace Item# 808865452 is a copy of PLAINTIFFS' work, Anela's HGE1059, which is protected by Certificate of Registration No.VA0002212652.

I.    The item described by SNT as Hamilton gold plumeria Lehua tear drop set dangling shell pearl earrings & necklace Item# 809368112 is a copy of PLAINTIFFS' work, Anela's HGE1069, which is protected by Certificate of Registration No.VA0002199104.

J.    The item described by SNT as Hamilton gold tribal set shell pearl dangling earrings & necklace Item# 823263211 is a copy of PLAINTIFFS' work, Anela's HGE1079, which is protected by Certificate of Registration No.VA0002202231.

K.    The item described by SNT as Tribal Design Earring with Shell Pearl Item No. 732234032 is a copy of PLAINTIFFS' work, Anela's HGE1026, which is protected by Certificate of Registration No.VA0002212685.

24.    PLAINTIFFS have complied in all respects with the Copyright Act and all laws governing copyrights and secured the exclusive rights and privileges in and to the copyright in the Works.

25.    PLAINTIFFS have registered the Works and have received certificates of registration and/or registration numbers from the Register of

Copyrights.  Attached hereto as Exhibit "C" are copies of the copyright registration certificates for the Works or copies of Copyright Office's website pages showing the registration numbers for any copyrighted designs for which the Certificates of Registration have not yet been received.

26.    As a result of the originality of PLAINTIFFS' designs and their promotion of the Works, PLAINTIFFS have achieved substantial commercial success in the Works, the Works have acquired considerable value and have become associated with PLAINTIFFS in connection with the sale of its jewelry products.

27.    After the date of the registration of the copyright for the Works, DEFENDANTS, without authorization, permission, or license from PLAINTIFFS, have copied the Works or have allowed others to copy the Works and are marketing Infringing Copies bearing the designs under their own name.

28.    On information and belief, DEFENDANTS have sold and continues to sell Infringing Copies throughout the United States and in this District.

29.    DEFENDANTS' Infringing Copies are visually identical in design to and derived from the Works.  Attached hereto as Exhibit "D" are true and correct copies of photographs comparing DEFENDANTS' Infringing Copies with PLAINTIFFS' Works that show the similarity between the Works and the Infringing Copies.

30.    PLAINTIFFS have recently examined internet information showing current jewelry pieces advertised for sale by DEFENDANTS and believe that DEFENDANTS are currently marketing a number of pieces that are copies of other copyright protected Works and PLAINTIFFS may amend the Complaint to address such other infringing copies.

## COUNT I

### (COPYRIGHT INFRINGEMENT UNDER COPYRIGHT ACT §§ 106 and 501, 17 U.S.C. §§ 106 and 501)

31.    PLAINTIFFS reallege and incorporate the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

32.    DEFENDANTS' unlawful activities are resulting in tangible and irreparable harm and injury to PLAINTIFFS in that, among other things, DEFENDANTS: (a) are depriving PLAINTIFFS of the right to control the commercial and trade use of the Works; (b) are selling Infringing Copies to PLAINTIFFS' customers and potential customers and thus are depriving PLAINTIFFS of earnings from actual and potential sales of authentic Works; and (c) are causing PLAINTIFFS to suffer damage to their reputation and goodwill.

33.    Upon information and belief, DEFENDANTS are unlawfully copying and selling the Infringing Copies with notice and full knowledge that PLAINTIFFS have not authorized said acts by DEFENDANTS.

34.     DEFENDANTS' aforesaid acts are in knowing and willful violation of PLAINTIFFS' rights under §§106 and 501 of the Copyright Act, 17 U.S.C. §§106 and 501.

35.     PLAINTIFFS have no adequate remedy at law and, if DEFENDANTS' activities are not enjoined, PLAINTIFFS will continue to suffer irreparable harm and injury to their goodwill and reputation, as well as substantial monetary damage.

## COUNT II

### (UNFAIR AND DECEPTIVE TRADE PRACTICE IN VIOLATION OF H.R.S. CHAPTER 481A) (INJUNCTIVE RELIEF AND DAMAGES)

36.     PLAINTIFFS reallege and incorporate the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

37.     By the conduct described above, DEFENDANTS have in the course of their business operations, passed off their Infringing Copies as those of PLAINTIFFS.

38.     By the conduct described above, and by unlawfully infringing upon PLAINTIFFS' copyrights and selling Infringing Copies, DEFENDANTS have, in the course of their business, caused the likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of those goods and services as defined in H.R.S. § 481A-3.

39.     By the conduct described above, and by unlawfully infringing upon PLAINTIFFS' copyrights and selling Infringing Copies, DEFENDANTS have, in the course of their business, caused the likelihood of confusion or of misunderstanding as to an affiliation, connection, or association with PLAINTIFFS as defined in H.R.S. § 481A-3.

40.     By the conduct described above, and by unlawfully infringing PLAINTIFFS' copyright and selling Infringing Copies, DEFENDANTS have, in the course of their business, falsely represented that their Infringing Copies have the sponsorship and approval of PLAINTIFFS as defined in H.R.S. § 481A-3.

41.     DEFENDANTS' conduct, described above, constitutes deceptive trade practices pursuant to H.R.S. § 481A-3 and under the common law.

42.     DEFENDANTS are willingly engaged in the above-described deceptive trade practices knowing them to be deceptive.

43.     DEFENDANTS' deceptive trade practices have caused and are causing irreparable injury to PLAINTIFFS' trade, prestige, business reputation and goodwill.

44.     PLAINTIFFS have no adequate remedy at law and DEFENDANTS' wrongful acts will continue unless and until restrained by this Court pursuant to H.R.S. § 481A-3.

45.     PLAINTIFFS are informed and believe and based thereon aver, that DEFENDANTS have been and are engaging in the aforesaid deceptive trade practices willfully, and with knowledge that their actions have been and are likely to deceive the general public.

46.     PLAINTIFFS are entitled to immediate injunctive relief from this Court prohibiting DEFENDANTS from engaging in any unfair and deceptive trade practices in violation of H.R.S. Chapter 481A, including: promoting, displaying, advertising, selling, marketing, distributing, or in any way making available or soliciting customers for any Infringing Copies.

47.     By reason of and as a direct and proximate result of DEFENDANTS' deceptive trade practices, PLAINTIFFS have suffered damages in the form of, among other things, lost customers, lost sales, lost distributors, and diminished goodwill, in an amount to be proven at trial.

48.     PLAINTIFFS are entitled to an award of costs and attorneys' fees pursuant to H.R.S. § 481A-4.

## COUNT III

### (UNFAIR COMPETITION IN VIOLATION OF H.R.S. § 480-2)
### (INJUNCTIVE RELIEF AND DAMAGES)

49.     PLAINTIFFS reallege and incorporate the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

50.     The foregoing acts and conduct of DEFENDANTS in deliberately copying without any authority to do so, PLAINTIFFS' copyrighted designs, and selling Infringing Copies falsely suggests and implies that their acts were done with the permission of PLAINTIFFS, and/or constitutes the misappropriation of good will of PLAINTIFFS for their own pecuniary gain, and constitutes unfair competition in violation of H.R.S. Chapter 480 and the common law.

51.     The aforesaid acts of unfair competition by DEFENDANTS have caused and are causing irreparable injury to PLAINTIFFS' trade, prestige, business reputation, and goodwill.  PLAINTIFFS have no adequate remedy at law and DEFENDANTS' wrongful acts will continue unless and until restrained and enjoined by this Court pursuant to H.R.S. § 480-2.

52.     As a direct and proximate result of the foregoing acts of unfair competition, DEFENDANTS have unlawfully and wrongfully derived, and will continue to derive, income and profits from said acts and conduct.

53.     PLAINTIFFS have no adequate remedy at law and are entitled to an injunction prohibiting DEFENDANTS and those acting in concert with them from engaging in any acts of unfair competition, including promoting, displaying, advertising, selling, marketing, distributing, or in any way making available or soliciting customers for any Infringing Copies.

54.     By reason of and as a direct and proximate result of DEFENDANTS' unfair competition, PLAINTIFFS have suffered damages in the form of, among other things, lost customers, lost distributors, and diminished goodwill, in an amount to be determined at trial.

55.     In accordance with and pursuant to H.R.S. § 480-13, PLAINTIFFS are also entitled to recover from DEFENDANTS: (a) three times the damages sustained by PLAINTIFFS as a result of DEFENDANTS' wrongful actions; (b) PLAINTIFFS' costs in this lawsuit; and (c) PLAINTIFFS' attorneys' fees herein.

## **COUNT IV**

## **(CONVERSION)**

56.     PLAINTIFFS reallege and incorporate the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

57.     PLAINTIFFS are the lawful owners of their copyrighted designs as described above.

58.     DEFENDANTS have wrongfully copied PLAINTIFFS' designs and sold Infringing Copies without PLAINTIFFS' consent.

59.     By doing so, DEFENDANTS have engaged in acts of dominion over property of PLAINTIFFS in denial of and inconsistent with PLAINTIFFS' right in that property.

60.    All of the acts described above constitute unwarranted assumptions of ownership over PLAINTIFFS' property.

61.    All of the acts described above constitute an illegal abuse of PLAINTIFFS' property.

62.    All of the acts described above constitute a tortious taking of PLAINTIFFS' property, or a wrongful exercise or assumption of authority, over PLAINTIFFS' property, depriving PLAINTIFFS of the sole possession of their property permanently or for an indefinite time.

63.    By the foregoing conduct, DEFENDANTS are liable for the conversion of PLAINTIFFS' property.

64.    PLAINTIFFS have been damaged by DEFENDANTS' conversion in an amount to be proven at trial.

## COUNT V

### (INTERFERENCE WITH EXISTING AND PROSPECTIVE CONTRACTUAL RELATIONSHIPS AND PROSPECTIVE ECONOMIC ADVANTAGES) (INJUNCTIVE RELIEF AND DAMAGES)

65.    PLAINTIFFS reallege and incorporate the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

66.    At all times relevant herein, PLAINTIFFS maintained and developed beneficial economic relationships with their customers and with potential customers.

67.    PLAINTIFFS reasonably expect to maintain their existing business relationships and to enter into valid business relationships with prospective customers.

68.    PLAINTIFFS are informed and believe that DEFENDANTS are aware of PLAINTIFFS' expectancy to maintain existing business relationships and to enter into valid business relationships with prospective customers.

69.    DEFENDANTS have interfered and are continuing to interfere with PLAINTIFFS' existing and prospective business relationships.

70.    PLAINTIFFS are informed and believe that DEFENDANTS have contacted PLAINTIFFS' customers and have marketed, promoted and/or solicited such customers by offering the Infringing Copies at discounted prices.

71.    DEFENDANTS' interference has or will prevent PLAINTIFFS' legitimate expectancies from ripening into valid business relationships.

72.    As a result of DEFENDANTS' actions, PLAINTIFFS' reputation and business with their customers and in the industry have been adversely affected. The current and probable future economic relationships between PLAINTIFFS and their customers have been disrupted.  DEFENDANTS' conduct has caused or is likely to cause PLAINTIFFS' current and probable future customers to refuse to deal or contract with PLAINTIFFS.

73.     PLAINTIFFS have been injured and are continuing to be injured as a result of DEFENDANTS' tortious interference with prospective business relationships.

74.     PLAINTIFFS have sustained damages substantially caused by DEFENDANTS' conduct in an amount to be proven at trial.

75.     DEFENDANTS' acts and conduct are willful, malicious, reckless, and wanton, in conscious disregard of the rights and interests of PLAINTIFFS.  As a result, PLAINTIFFS are entitled to exemplary and punitive damages against DEFENDANTS in an amount to be determined at trial.

<u>**COUNT VI**</u>

**(UNJUST ENRICHMENT - AGAINST DEFENDANTS)**

76.     PLAINTIFFS reallege and incorporate the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

77.     Without authority, DEFENDANTS have sold Infringing Copies bearing PLAINTIFFS' copyrighted designs for profit.

78.     DEFENDANTS gave no value to PLAINTIFFS for the right to use or otherwise interfere with PLAINTIFFS' copyrights.

79.     DEFENDANTS have been unjustly enriched by their wrongful acts at the expense of PLAINTIFFS.

80.     PLAINTIFFS are entitled to recover those amounts by which DEFENDANTS have been unjustly enriched, in an amount at least equal to the amount of profits that DEFENDANTS have derived from the unlawful sale of Infringing Copies.

81.     DEFENDANTS have engaged in the foregoing conduct with knowledge that such conduct is unlawful or in reckless disregard for the rights of PLAINTIFFS.

82.     PLAINTIFFS are consequently entitled to an award of punitive damages against DEFENDANTS.

WHEREFORE, PLAINTIFFS respectfully pray that this Court:

1.     Issue a temporary restraining order and a preliminary injunction restraining, enjoining, and prohibiting DEFENDANTS, their directors, officers, agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with DEFENDANTS or on DEFENDANTS' behalf, from copying, designing, manufacturing, distributing, offering for sale, selling, promoting, importing, exporting, or advertising any and all Infringing Copies;

2.     Order the United States Marshal or any federal, state, county, or local law enforcement authorities, and/or Phillip A. Li, Esq., Tyler A. Tsukazaki, Esq., and/or any person over the age of 18 years selected for that purpose by the

PLAINTIFFS to impound any and all Infringing Copies above, which the named DEFENDANTS manufacture, distribute, attempt to sell or hold for sale;

3.    Award PLAINTIFFS an equitable accounting of DEFENDANTS' profits and award judgment arising from DEFENDANTS' copyright infringement for either (1) PLAINTIFFS' actual damages and any additional profits of DEFENDANTS, as provided by 17 U.S.C. § 504(b); or (2) statutory damages, as provided by 17 U.S.C. § 504(c) for each of the Works infringed; and PLAINTIFFS' costs and attorneys' fees, as provided by 17 U.S.C. § 505;

4.    Issue an Order requiring that DEFENDANTS turn over to PLAINTIFFS, Infringing Copies that remain in their inventory or elsewhere;

5.    Under all Counts, for those compensatory and consequential damages which PLAINTIFFS prove that they are entitled to, as well as damages to which PLAINTIFFS are entitled to under federal or state law claims asserted in this Complaint;

6.    For treble damages, punitive damages, and/or other enhanced damages to which PLAINTIFFS are entitled to under applicable statutes;

7.    Under all Counts, for PLAINTIFFS' actual and/or reasonable attorneys' fees incurred herein and costs of suit in this matter; and

8.    For such other and further relief as the Court may deem just and proper.

DATE:  Honolulu, Hawaiʻi, February 22, 2021.

LI & TSUKAZAKI

Attorneys at Law, LLLC

*/s/ Phillip A. Li*

PHILLIP A. LI
TYLER A. TSUKAZAKI
Attorneys for Plaintiffs
XUEMEI DEVINE dba ANELA'S
JEWELRY and CHARLES DEVINE dba
ANELA'S JADE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| XUEMEI DEVINE dba ANELA'S JEWELRY and CHARLES DEVINE dba ANELA'S JADE, <br><br> Plaintiffs, <br><br> v. <br><br> SNT JEWELS dba KINGOFSS925; VEEVIANNIE NIKOGHOSSIAN; HAROUT NIKOGHOSSIAN aka HARRY NIKOGHOSSIAN aka HAROLD NIKOGHOSSIAN; DOE DEFENDANTS 1-10, <br><br> Defendants. | CIVIL NO. _____ <br><br> DEMAND FOR JURY TRIAL |

DEMAND FOR JURY TRIAL

PLAINTIFFS XUEMEI DEVINE dba ANELA'S JEWELRY and CHARLES DEVINE dba ANELA'S JADE hereby demand trial by jury for all issues so triable herein.

DATE:  Honolulu, Hawaiʻi, February 22, 2021.

LI & TSUKAZAKI

Attorneys at Law, LLLC

*/s/ Phillip A. Li*
PHILLIP A. LI
TYLER A. TSUKAZAKI
Attorneys for Plaintiffs
XUEMEI DEVINE dba ANELA'S
JEWELRY and CHARLES DEVINE dba
ANELA'S JADE