953860v1

WATANABE ING LLP
A Limited Liability Law Partnership

SETH M. REISS          #2774-0
LISA M. YANG           #10360-0
First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawaii 96813
Telephone:  (808) 544-8300
Facsimile:  (808) 544-8399
E-mails:    seth.reiss@lex-ip.com; lyang@wik.com

Attorneys for Defendants
SNT JEWELS dba KINGOFSS925,
VEEVIANNIE NIKOGHOSSIAN, and HAROUT
NIKOGHOSSIAN aka HARRY NIKOGHOSSIAN
aka HAROLD NIKOGHOSSIAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| XUEMEI DEVINE dba ANELA'S JEWELRY and CHARLES DEVINE dba ANELA'S JADE,<br><br>Plaintiffs,<br><br>v.<br><br>SNT JEWELS dba KINGOFSS925; VEEVIANNIE NIKOGHOSSIAN; HAROUT NIKOGHOSSIAN aka HARRY NIKOGHOSSIAN aka HAROLD NIKOGHOSSIAN; DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO. 21-00113 DKW-WRP<br><br>DEFENDANTS SNT JEWELS dba KINGOFSS925, VEEVIANNIE NIKOGHOSSIAN, AND HAROUT NIKOGHOSSIAN aka HARRY NIKOGHOSSIAN aka HAROLD NIKOGHOSSIAN'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT FILED ON FEBRUARY 24, 2021; CERTIFICATE OF SERVICE |

DEFENDANTS SNT JEWELS dba KINGOFSS925, VEEVIANNIE
NIKOGHOSSIAN, AND HAROUT NIKOGHOSSIAN aka
HARRY NIKOGHOSSIAN aka HAROLD NIKOGHOSSIAN'S
ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT
FILED ON FEBRUARY 24, 2021

Defendants SNT JEWELS dba KINGOFSS925, VEEVIANNIE NIKOGHOSSIAN, and HAROUT NIKOGHOSSIAN aka HARRY NIKOGHOSSIAN aka HAROLD NIKOGHOSSIAN ("Defendants"), by and through their attorneys, WATANABE ING LLP, hereby submit their Answer to Complaint for Copyright Infringement (the "Complaint") filed by Plaintiffs XUEMEI DEVINE dba ANELA'S JEWELRY ("X Devine") and CHARLES DEVINE dba ANELA'S JADE ("C Devine") (collectively, "Plaintiffs"), and allege and aver as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2. With respect to the allegations contained in paragraphs 1, 25, and 29 of the Complaint, Defendants respond that the documents referred to in those paragraphs speak for themselves. Defendants deny any allegations inconsistent with the documents referred to in paragraphs 1, 25, and 29, and deny any remaining allegations in paragraphs 1, 25, and 29 of the Complaint.

3. The allegations contained in paragraphs 1, 2, 3 and 4 of the Complaint are allegations of law and not fact and/or are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny all remaining allegations in paragraphs 1, 2, 3 and 4 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 5, 6, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, and 30 of the Complaint and, therefore deny the same and leave Plaintiffs to their proof.

5. Defendants admit the allegations contained in paragraphs 8 and 9 of the Complaint.

6. Defendants deny the allegations contained in paragraphs 7, 32, 33, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, and 82 of the Complaint.

7. In response to the allegations contained in paragraphs 31, 36, 49, 56, 65 and 76 of the Complaint, Defendants repeat and reallege their responses to the allegations incorporated by reference in those paragraphs.

8. In response to the allegations contained in paragraph 10 of the Complaint, Defendants admit that Veevieanne and Harout are husband and wife

and admit that they arranged to have articles of incorporation for an entity named Pacific Trading U.S.A., Inc. filed with the Business Registration Division of the Department of Commerce and Consumer Affairs. With respect to the remaining allegations contained in paragraph 10, Defendants respond that the documents referred to speak for themselves, deny any allegations inconsistent with the documents referred to, and deny any remaining allegations.

9. In response to the allegations contained in paragraph 11 of the Complaint, Defendants admit they are engaged in the design, manufacture and sale of jewelry on a wholesale and retail basis, deny that they were involved in the manufacture of the jewelry depicted and described in the Complaint, and are without knowledge sufficient to either admit or deny the remaining allegations contained in paragraph 11 and, therefore, deny the same and leave Plaintiffs to their proof.

10. In response to the allegations contained in paragraph 27 of the Complaint, Defendants deny that they copied Plaintiffs' Works. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 27 and therefore deny same and leave Plaintiffs to their proof.

11. In response to the allegations contained in paragraph 28 of the Complaint, Defendants deny that they are continuing to sell Infringing Copies of

Plaintiffs' Works. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 28 and therefore deny same and leave Plaintiffs to their proof.

### THIRD DEFENSE

12. Defendants deny any and all allegations contained in the Complaint which are not specifically admitted herein, including, but not limited to the allegations in the Prayer for Relief, and all other allegations not previously addressed in this Answer.

### FOURTH DEFENSE

13. This Court lacks jurisdiction over the state claims and/or that the state law claims, or some of them, are preempted by federal law and/or the Copyright Act.

### FIFTH DEFENSE

14. Plaintiffs have failed to join an indispensable party.

### SIXTH DEFENSE

15. Defendants give notice that they intend to rely upon the defenses of waiver, acquiescence, estoppel, unclean hands and/or inequitable conduct. Plaintiffs are aware that third parties in China are manufacturing, offering for sale and selling what Plaintiffs refer to as their copyright protected Works, without notice that the Works are or may be copyright protected but, upon information and

belief, Plaintiffs have taken no action and/or have not made commercially reasonable efforts to stop such third parties from engaging in this conduct.

### SEVENTH DEFENSE

16. Defendants give notice that they intend to raise the defense that Plaintiffs are not the owner of the copyrights in the Works and/or that Plaintiffs have abandoned any copyright ownership that they may have had in the Works by virtue of their conduct or inaction.

### EIGHTH DEFENSE

17. Defendants give notice that they may rely upon the defenses of laches and/or statute of limitations.

### NINTH DEFENSE

18. Defendants give notice that they intend to rely upon the defenses of express or implied license, permissions and/or consent. Defendants repeat and incorporate herein the allegations set forth in its Sixth Defense hereinabove.

### TENTH DEFENSE

19. Defendants give notice that they intend to rely upon the defenses that Defendants are bona fide purchasers of the Works with the right to distribute the Works throughout the world, and/or that Defendants were innocent infringers.

## ELEVENTH DEFENSE

20. Defendants give notice that they may rely upon the defenses of fraud on the Copyright Office.

## TWELFTH DEFENSE

21. Defendants give notice that they may rely upon the defense of misuse of proprietary rights including, *inter alia*, unlawful tying and/or monopolistic trade practices.

## THIRTEENTH DEFENSE

22. Defendants give notice that they intend to rely upon the defense that Plaintiffs failed to mitigate their damages.

## FOURTEENTH DEFENSE

23. Defendants give notice that they intent to rely upon the defenses that the damages complained of by Plaintiffs, or some of them, were caused by Plaintiffs' own acts and/or omissions or the acts and/or omissions of others and not Defendants.

## FIFTEENTH DEFENSE

24. Defendants give notice that they may rely upon the defense that Plaintiffs, or one of them, lack standing to bring the causes of action pled, or some of them.

**SIXTEENTH DEFENSE**

25. Defendants give notice that they intend to rely upon the defense that Plaintiffs' actions and/or inactions contributed to the alleged infringement and unfair competition, and/or encouraged others, including Defendants, to engage in the acts Plaintiffs now complain of.

**SEVENTEENTH DEFENSE**

26. Defendants reserve the right to assert additional defenses that may be revealed through investigation, discovery, and or trial. In particular, Defendants state that: (1) the Complaint is couched in conclusory terms, and therefore Defendants cannot fully anticipate all affirmative defenses that may be available to them in this action; and (2) Defendants are still in the process of investigating Plaintiffs' claims and Defendants' defenses. Defendants therefore reserve the right to assert additional defenses if and when they discover such affirmative defenses are applicable.

WHEREFORE, Defendants pray as follows:

A. That the Complaint be dismissed with prejudice;

B. That Defendants be awarded their costs and reasonable attorneys' fees; and

C. That the Court award such other and further relief as it deems just and proper.

DATED: Honolulu, Hawai'i, May 24, 2021.

                                    /s/ Seth M. Reiss
                                    SETH M. REISS
                                    LISA M. YANG
                                    Attorneys for Defendants
                                    SNT JEWELS dba KINGOFSS925,
                                    VEEVIANNIE NIKOGHOSSIAN, and
                                    HAROUT NIKOGHOSSIAN aka HARRY
                                    NIKOGHOSSIAN aka HAROLD
                                    NIKOGHOSSIAN